```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

IN RE:  HOLIDAY WATER SPORTS
FT. MYERS BEACH, INC.

                              Case No:  2:18-cv-663-FtM-99NPM
Petitioner,
_____

## OPINION AND ORDER

This matter comes before the Court on claimants' Objection to Order of Magistrate (Doc. #28) filed on July 3, 2019.  Petitioner Holiday Water Sports filed a Response to Claimant's Objection to order Denying Claimant's Motion to Lift Injunction (Doc.#30) on July 17, 2019.

On June 19, 2019, the Magistrate Judge issued an Order (Doc. #27) denying Torsten Briem and Maria Briem's Motion to Lift Stay (Doc. #21) without prejudice.  The Magistrate Judge noted:

> Jake Graddy poses a problem because, as a co-defendant, he may assert crossclaims of contribution or indemnification against Holiday. Therefore, the Briems may not proceed against Holiday outside this limitation proceeding unless they successfully transform their lawsuit into a single claimant situation through appropriate stipulations.

(Doc. #27, p. 5.)

A magistrate judge's powers and jurisdiction are provided in 28 U.S.C. § 636.  Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may designate a Magistrate Judge to hear and determine any pretrial matter, and thereafter reconsider or review the pretrial matter if "shown that the magistrate judge's order is clearly erroneous or

contrary to law." See also Fed. R. Civ. P. 72 (providing that a party may file objections to the order within 14 days of its service). "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

As a preliminary matter, Jake Graddy is not a co-defendant or a claimant in this case, but is a defendant in a previously filed suit. On April 27, 2018, claimants Torsten Briem and Maria Brief initiated a case alleging negligence per se (Count I), two counts of negligence (Counts II and III), negligent hiring, training, supervision and retention (Count V), and vicarious liability (Count VI) against Holiday Water Sports; one count of negligence (Count IV) against their Tour Guide Jake Graddy; and one count of loss of consortium against both defendants (Count VII). See Briem v. Holiday Water Sports Ft. Myers Beach, Inc. et al., 2:18-cv-301-FTM-99NPM (M.D. Fla.). A Renewed Motion for Stay is pending in this first-filed case.

This case involves a Verified Complaint for Exoneration From or for Limitation of Liability filed by Holiday Water Sports on October 9, 2018, and the Briems are the only claimants. In the normal course of proceedings, the commencement or further prosecution of any action or proceeding against Holiday Water Sports connected with this case was stayed, enjoined, and restrained on October 11, 2018, and the value of interest in the

vessel was set at $7,601.00.  (Doc. #7.)  On January 4, 2019, claimants moved to lift the stay on the personal liability suit arguing that adequate stipulations[1] were being made to transform the case into a single claimant matter, and that claimants should be able to proceed in their first-filed case while the limitation action is stayed.  Holiday Water Sports opposed the motion because of the potential for inconsistent results, and lack of protection from liability.

The Magistrate Judge ultimately agreed that a claim for contribution or indemnity by Jake Graddy could subject Holiday Water Sports to liability in excess of the limitation fund.  (Doc. #27, p. 6.)  Claimants object because they believe that Jake Graddy is barred from making any claim in this limitation case by the

---

[1] The stipulations are as follows:  (1) Holiday Water Sports "has the right to litigate the issue of whether it is entitled to exoneration or limitation of its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § 30501, et seq. in this Court, and this Court has exclusive jurisdiction to determine that issue"; (2) Holiday Water Sports "has the right to have this Court determine the value and its interest . . . and this Court has exclusive jurisdiction to determine that issue"; (3) Claimants Maria Briem and Torsten Briem will not seek a determinate of the issues in (1) and (2) in any court or forum; (4) Claimants "Maria Briem and Torsten Briem will not seek to enforce any judgment rendered in any other court or forum, outside of this limitation proceeding, against Holiday that would expose Holiday to liability in excess of the limitation fund to be determined by this Court, until such time as the Court has adjudicated Holiday's right to limit that liability. In the event this Court determines that Holiday is entitled to limit its liability, the Claimants agree that they will not seek to enforce any judgment that would require Holiday to pay damages in excess of the limitation fund to be determined by this Court"; and (5) The Briems have stipulated to the priority of their claims.  (Doc. #21, pp. 5-6.)

failure to comply with paragraph four of the Order Approving *Ad Interim* Stipulation, Notice of Monition and Injunction (Doc. #7) requiring all claims to be filed on or before November 28, 2018. As a result, claimants argue that Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996) does not apply. In response, Holiday Water Sports argues that claimants have still not offered adequate protection to lift the stay.

"[T]o determine whether a multiple-claims-inadequate-fund situation exists, potential claims for indemnity or contribution from the vessel owner's co-defendants must be separately considered." Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032, 1042 (11th Cir. 1996). The proposed stipulation at issue states:

> Claimants "Maria Briem and Torsten Briem will not seek to enforce any judgment rendered in any other court or forum, outside of this limitation proceeding, against Holiday that would expose Holiday to liability in excess of the limitation fund to be determined by this Court, until such time as the Court has adjudicated Holiday's right to limit that liability. In the event this Court determines that Holiday is entitled to limit its liability, the Claimants agree that they will not seek to enforce any judgment that would require Holiday to pay damages in excess of the limitation fund to be determined by this Court.

(Doc. #21, p. 6.) Since the stipulation does not also protect the vessel from judgment for or against a person or entity that would be entitled to seek indemnity or contribution by way of cross-claim or otherwise, the stipulation is insufficient to convert the case into the "functional equivalent of a single claim case."

Id., at 1044. Graddy, who is represented by the same counsel that represents Holiday Water Sports, does not technically have any claim in the limitation action and would therefore not file a claim. Graddy's claim against Holiday Water Sports, if any, is based on his potential liability in the negligence action. Since the stipulations do not protect Holiday Water Sports from a later indemnity or contribution action by Graddy, the Court finds that the Magistrate Judge was not clearly erroneous or contrary to law.

Accordingly, it is now

**ORDERED:**

Claimants' Objection to Order of Magistrate (Doc. #28) is **OVERRULED.** The underlying Briem v. Holiday Water Sports Ft. Myers Beach, Inc. et al., 2:18-cv-301-FTM-99NPM (M.D. Fla.) remains stayed as to Holiday Water Sports pursuant to the Order Approving *Ad Interim* Stipulation, Notice of Monition and Injunction (Doc. #7) in this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record